FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 0 5 2011 ★
BROOKLYN OFFICE

D/P

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN R. DURSON, DEBRA SERVIDO, ARTHUR
CARAWAY, JEFFREY LAUB, MURRAY J.
MORRISSEY, JON GREENFIELD, JOHN
CATSIMATIDES, MORTON SLOAN, and ANGELO
AVENA, *as Trustees and Fiduciaries of the* LOCAL
338 RETIREMENT FUND,

                Plaintiffs,

-against-

MILL BASIN MEAT CORP.,

                Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-6036 (NGG) (ALC)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs move for default judgment against Defendant Mill Basin Meat Corp. ("Mill Basin"). (Mot. Default J. (Docket Entry # 5).) The court grants Plaintiff's Motion, and refers this matter to Magistrate Judge Andrew L. Carter, Jr. for a Report and Recommendation on damages and injunctive relief.

**I.   BACKGROUND**

Plaintiffs bring this action in their capacity as trustees and fiduciaries of the Local 338 Retirement Fund (the "Fund"), a jointly administered labor-management trust fund and multiemployer benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(37) and 1301(a)(3). (Compl. (Docket Entry # 1) ¶ 3.) On December 30, 2010, Plaintiffs filed their Complaint, seeking to recover withdrawal liability from Mill Basin. (Compl.)

Plaintiffs allege that Mill Basin was "a party to and bound by a series of collective bargaining agreements with Local 338" and that, pursuant to these collective bargaining

1

agreements ("CBAs"), Defendant paid contributions to the Fund on behalf of covered employees. (Id. ¶ 6.) Plaintiffs further allege that in January 2009 Mill Basin stopped making contributions to the Fund, and such action constitutes a "complete withdrawal" pursuant to § 4203(a) of ERISA, codified at 29 U.S.C. § 1383(a). (Id. ¶ 7.) Accordingly, Plaintiffs state that "Mill Basin is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits," pursuant to § 4201 of ERISA, codified at 29 U.S.C. § 1381. (Id. ¶ 8.) In accordance with ERISA and the Trust agreement, Plaintiffs sent a demand letter to Mill Basin and the parties began review proceedings, including arbitration. (Id. ¶¶ 9-12.)

Plaintiffs allege, however, that Mill Basin has failed to make interim payments as required during the arbitration of its challenge to the Fund's assessment of withdrawal liability. (Id. ¶¶ 18-26 (citing inter alia § 4221(d) of ERISA).) Plaintiffs also allege that Mill Basin has defaulted on its withdrawal liability because its repeated admission that it sold its assets and now lacks sufficient funds to pay "constitute[s] an 'event or circumstances indicating the [Mill Basin] will be unable to pay it withdrawal liability.'" (Compl. ¶ 13-17 (stating that, consistent with ERISA and the Trust Agreement, the entire outstanding withdrawal liability balance plus interest becomes immediately due and owing in such circumstances).) Plaintiffs seek monetary damages for the full amount of unpaid withdrawal liability, interest and liquidated damages, and attorneys' fees and costs. (Compl. at 7-8.)[1]

A copy of the Summons and Complaint was properly served on Defendant on January 25, 2011. (Affidavit of Service (Docket Entry # 2) (showing that proof of service was filed with the court on February 18, 2011).) See also N.Y. Bus. Corp. Law § 306(b)(1). Because Defendant

---

[1] In their Complaint, Plaintiffs state an alternative "cause of action," which seeks interim withdrawal liability payments rather than payment in full. (Compl. at 8-9.) In her Declaration in Support of Plaintiffs' Request for a Default Judgment, however, Plaintiffs' attorney states that this alternate "claim for interim payments is moot" in light of Plaintiffs' request for the full amount of withdrawal liability and Defendant's default. (Rasalingam Decl. (Docket Entry # 6) at 6 n.1.)

2

failed to file an answer or otherwise move with respect to the Complaint, the Clerk of Court entered a notice of default against Mill Basin on February 25, 2011, pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry # 4.) On July 11, 2011, Plaintiffs moved for default judgment. (Docket Entry # 5.) With this motion, Plaintiffs submitted two sworn declarations (Docket Entry ## 6, 7) with over 60 pages of supporting documentation (Exs. to Docket Entry ## 6, 7). Defendant has not responded, and time to do so has passed.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiffs' allegations as set forth in Complaint are sufficient to establish Mill Basin's withdrawal liability. Thus, default judgment is appropriate.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (providing that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Court of Appeals for the Second Circuit, however, has approved making such a

3

determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases). The court accordingly refers this matter to Magistrate Judge Andrew L. Carter, Jr. for a Report and Recommendation on damages, including any awards of interest, attorneys' fees, or costs.

## III. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court refers this matter to Magistrate Judge Andrew L. Carter, Jr. for Report and Recommendation on damages.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 9, 2011

NICHOLAS G. GARAUFIS
United States District Judge